Case 21-5867, Malik Hardin v. Kevin Genovese, argument not to exceed 15 minutes per side. Mr. Brandt, you may proceed for the appellant. Good morning. May it please the court, I am Jeff Brandt on behalf of petitioner appellant Malik Hardin. I seek to reserve four minutes for rebuttal. Excuse me. The district court erred in ruling that Mr. Hardin's federal habeas petition was late and that the district court did not have jurisdiction on incorrect findings that two of Mr. Hardin's pro se filings did not qualify as, quote, properly filed, close quote, or that they were not, quote, collateral attacks. But both were properly filed and both were collateral attacks. More particularly, Mr. Hardin's March 2014 filing was properly filed. He was not represented at the time he filed the pro se motion. The court thought he was represented. Didn't he have a lawyer from the proceeding in the trial court? He did. I don't think there's anything in the record that says the court believed he was because we never get a ruling on, the attorney was Joshua Hedrick. Joshua Hedrick on May the 5th of 2014 filed the notice of appeal and the request for transcripts, which is typically the end of what happens in the trial court. Mr. Hedrick is now representing Mr. Hardin in the court of appeals. So there was never, for example, a motion to withdraw his counsel? There was not. The district court didn't. There was a motion to adopt the pro se filings and the court did not address that. It did not. And since it's a matter of, since Tennessee does have a pretty well established rule that pro se filings of counseled defendants aren't accepted unless the court exercises its discretion to accept them, why is the court here wrong to say that those weren't part of the record? They weren't accepted. I think the evidence of Mr. Hedrick adopting the motions tends to show that Mr. Hardin wasn't represented. But if the court feels that the lack of a motion to withdraw or something showing a withdrawal was there means that he was represented by Mr. Hedrick, Mr. Hedrick's motion of adoption shows that those arguments therefore became the arguments of Mr. Hedrick. We don't find anything that has been briefed or that the district court has cited showing that that adoption was not successful. So you're saying that the district court, which had discretion to ignore those filings, by not saying anything about it didn't exercise its discretion? The district court or the trial court? The trial court, I'm sorry. I'm sorry to say that again. I'm sorry, Judge. That was a little confusing. I don't blame you. So are you saying that when the trial court just ignored those filings and didn't say anything about them, that was an exercise of discretion to accept them, to permit them? I would say yes, because we don't have any evidence to the contrary. These same arguments that were raised, some of the same arguments that were raised in this filing in 2014, ended up being ruled on through other pro se motions. Another thing that I've been struggling with on this is that the court said, and point me to where in the record I would find evidence to show that this is not correct. Where do I find it? Reading my handwriting and sometimes my notes is not always easy. The court said that the petitioner and his post-conviction counsel in 2016 and 2017 stated in their respective filings at that time that the petitioner did not have any outstanding motions pending as to the judgments under attack at the time the proceedings were initiated. Is that not true? That is true. If they were saying, we don't have anything pending, why should we now say, oh, yes, you did? So the context is that this is several pro se motions or counsel post-conviction motions later, and they're filling out forms for the appeal of a later post-conviction motion, and to my understanding, and I might be wrong about this, let me check on that, but this is different counsel by that time, and they're just checking a box saying there's nothing else pending. Which when you check the box, the court ought to be able to rely on what you checked. If the court, I would argue that this is just inadvertence forgetting about something that's pending because there were so many things pending, but even accepting that, Your Honor, that doesn't mean it's a ruling on whether the adoption counted. That's a different, whether that's pending is a different question than whether that was properly. But if the court never exercised its discretion to accept a pro se filing and an attempt to adopt that, if the court just never accepted that, exercised its discretion, wouldn't it be incumbent on counsel if they wanted to have the court subsequently think that those things were pending to point it out? If you still had counsel at that, the same counsel. Well, when counsel leaves and new counsel comes in, don't we kind of expect they're going to take a look at the record and figure out what's there? That would have been best. There's no doubt. But we're urging the court to find that properly filed under the definition that we're dealing with here, the definitions of 2254 and 44. Was the counsel who made this motion to adopt the pro se pleading, he was the original trial counsel, right? Yes, Your Honor. So either he had some authority or he didn't have it. If the Tennessee rule was followed, what you say is he didn't have any counsel. I would argue that he didn't have counsel when he filed it, but that doesn't matter because it was adopted. Making it properly filed regardless of what then happens later, whether there's a box check forgetting or saying that that didn't count, it remained as, quote, properly filed. And I think it's dangerous to say that somehow the adoption didn't count because that means, and I'm not finding any Tennessee authority to the contrary, that if an attorney decides to adopt an argument, and we're saying that that doesn't count from silence, we're saying that somehow the court, by silence, decides what an attorney can argue for their client, and that's a dangerous slope. If that was adopted, would it have been incumbent on counsel down the line to point out to the court, because there was a subsequent 36.1 motion filed, it might have been a good idea to point out to the court, and by the way, there's one pending that was filed back in whenever, and we'd like you to take a look at that one while you're at it. Your Honor, there's no doubt that's the Achilles heel of this particular argument, that nobody brought it up later. And I can't get away from that, but what I can say is that we shouldn't let the confusion that happened afterward guide what the court is going to decide counts as properly filed, and I worry... About Grant? Yes, Judge. Mr. Grant, for some of the reasons that my colleagues have brought out in the argument, we could easily conclude, properly filed or not, that in effect this motion was totally abandoned, and I wonder if you might want to talk about your 2017 motion a bit, which doesn't have all this baggage.  Your Honor, the 2017, it's December 2017, Pro Se filing, was a collateral attack for more than one reason, the first being the Wall v. Coley case that's been cited, and I have the site here, but it's in all the briefs. That 2017 filing was a, quote, judicial, led to, quote, a judicial review of a judgment in a proceeding that is not part of direct review, close quote, and under that definition, Mr. Harden's filing meets each of those words of that definition of the Supreme Court's decisions, and the claims that somehow those were not substantive arguments and that that was not a collateral filing, or a collateral attack, excuse me, fail because the Tennessee case law that we've cited in our brief is clear that it's not the title of the motion that counts, it's the substance of the motion that counts, and the substance of the motion was certainly post-conviction relief challenge, including whether the... If that's what it was, why was that timely under Tennessee law? Because under 36.1, no, under 36 that that was not out of time under Tennessee law, that that was permitted, and that's why the trial court appointed counsel, and that's why trial court held an evidentiary hearing, and that's why the trial court ruled on the merits of that motion, because it wasn't out of time. The time limitations of my understanding is 36 and 36.1 are different, but that 30... Can you explain a little bit the nature of his argument in that motion that I guess he said he was not a type 2 offender? I mean, can you explain what that was about? He believed he was a range 2 offender, which meant that the statutory maximum was 12 years for the offenses for which he was pleading guilty, and his argument was that his guilty plea, his conditional guilty plea, for which he reserved two suppression arguments to take up to appeal, his guilty plea was unknowingly and involuntarily entered because he didn't understand that he was going to be able to be sentenced for more than he was sentenced, than the 12 years that he was, for the term he was expecting, and that his jail time was improperly counted, and it wasn't a clerical error, like jail time was properly announced but improperly recorded. His argument that jail time was substantively improperly recorded, and the trial court's judgment agrees with that and puts in bold in its ruling, granting in part and denying in part relief, puts in bold, and that's in our supplemental appendix, the places where the judge agreed we messed up and we need to correct that, showing it's not a clerical error. The jail time argument was a separate argument from the range 2 argument, is that correct? That's correct, he had two arguments in that December 2017 motion. In Tennessee, my understanding is that in Tennessee state courts, or under Tennessee law, any jail credit time spent in jail, like he had two years I guess here, has to be recorded in the judgment itself. Am I understanding the law correctly down there? I'm an Ohio and Kentucky attorney that spent a year getting up to speed on Tennessee law, and I believe you are correct. Alright, so we're in the same boat. Yes, unfortunately your honor. I see that I'm way over my time, so unless there are any other questions. You have your rebuttal time. May it please the court, good morning your honors, my name is Zachary Barker, and I represent the warden Kevin Genovese in this case. Federal habeas corpus petitioners cannot re-characterize their state court filings to take advantage of the statutory tolling of the statute of limitations. The district court's dismissal of the untimely federal habeas petition in this case should be affirmed because neither of petitioner's state court motions told the statute of limitations. First, petitioner's motion to correct an illegal sentence was improperly filed pro se while he was represented by counsel. Under Tennessee law, does the counsel stay with him until relieved, or what is the rule there? Yes, your honor, under Tennessee Supreme Court Rule 13E, appointed counsel would represent petitioner either until a motion to withdraw was granted or the conclusion of the proceedings on appeal. So counsel would not be relieved from his obligation to continue representing the petitioner until the Tennessee Supreme Court denied his Rule 11 application for permission to appeal at the end of his appellate proceedings. Second, petitioner's motion to correct a clerical error is not the type of collateral action which tolls the statute of limitations. I'll address each of these motions in turn. First, in May 2014, petitioner sandwiched a pro se filing in between filings from counsel and he improperly filed those pro se. And those filings are improperly filed because Tennessee has a longstanding, firmly established rule that a criminal defendant cannot proceed pro se while also represented by counsel. Well, the court has the discretion to permit that, though. The court does have the discretion to permit hybrid representation. However, hybrid representation must be authorized by the court under Tennessee law. It is not something that a petitioner can engage in unilaterally. So what is your authority for that? Your Honor, if I may refer to my notes here, the Tennessee Court of Criminal Appeals has held in Smith v. Smith, which is a 1988 case, that the right for a defendant to participate in his own defense is an alternative one. That is one that he can either be represented by counsel or he can represent himself. And in State v. Franklin, the Tennessee Supreme Court in 1986 held that the right to hybrid representation is permissive and only within the trial court's discretion. Here, the trial court did not authorize or exercise any discretion for a petitioner to be allowed to file pro se filings. So unless the trial court approves of it, it's a nullity, right? Yes, Your Honor. Excuse me. So my question to your adversary there was, so by ignoring it, your position would be, not yours, his position would be that by ignoring it, the trial court exercised its discretion to permit it. And your position would be, no, there has to be a positive action to permit it. Yes, Your Honor. There has to be a positive action by the trial court to permit a pro se filing while represented by counsel. Here, there was no positive action. First of all, Your Honor, it was not a motion. Rather, it was a notice of adoption. And as I'm sure you're well aware, Your Honor, a notice is different than a motion. A notice is simply telling the court something. It's not asking the court to take an action. And here, that notice does not remedy an improper filing, as this opposing side would argue. Why not? Your Honor, because a notice does not prompt the court to do anything or to take any action. And rather, this is a very, this isn't a specific notice of adoption. This is a generalized notice of adoption that was filed by counsel that just said, I adopt everything filed pro se by the petitioner. And that is not the remedy that's been prescribed for a scenario that occurs like this. The Tennessee Court of Criminal Appeals has addressed this, as far as I'm aware, only one time in an unpublished order. This does not occur very often. So it doesn't sound like this prescription is sort of, you know, like carved in stone or obvious to everybody. I think that's part of what's making us struggle with this. It's not like a court rule. Your Honor, it is not something that is widely published. However, it is something that should be in the common knowledge of any lawyer practicing in Tennessee, that a motion rather than a notice is something that prompts the court to take action. Here, under State of Tennessee v. Andy Allman, in that order that was attached to the brief in this case filed by the appellee, the Court of Criminal Appeals prescribed only one remedy when a motion was filed improperly pro se while represented by counsel. And that was for counsel to file the substantive motion themselves. That did not occur in this case. Counsel did not file the substantive motion himself. Counsel filed a motion for the motion to be accepted. Counsel filed a generalized notice of adoption, which clearly had no effect on this filing because the trial court never considered this filing and it was never brought up again at any point in the state court proceedings. All right. Mr. Barker, I want to be responsible for asking questions when we're in the red light. So I'm kind of watching the time myself. I would like to ask you a question or two about the 2017 motion. Yes, Your Honor. So, you know, the law seems like a fairly straightforward opinion by Justice Alito in terms of what counts as collateral review for purposes of the tolling provision. Obviously, you have to meet two requirements, one of which is that the application is not part of the direct review process. You would agree that that's satisfied, right? Yes, Your Honor. All right. And so now it's whether it's a form of review, as the court says. So whether this is a he's asking for a form of review of the pertinent judgment. And they say, well, that amounts to, quote, inspecting or looking over the judgment with a view to amendment or improvement. And I'm just wondering why that isn't exactly what happened with regard to the 2017 motion. Yes, Your Honor. First, Wall v. Coley is considering Rhode Island Rule of Criminal Procedure 35, which allows for... I know it is, but the test here is what is collateral review? What is a form of review is really the point in this case. Yes, Your Honor. And that's the test. You know, it's 35 over there, it's 36 here. But, you know, the court changes the judgment, inspects the judgment, holds an evidentiary hearing, and it changes it. It improves it. Rule number is notwithstanding. How is this not what the Supreme Court described in Wall? Because if we're wrong, we routinely get reversed in this sort of thing. Well, Your Honor, my answer to that would be twofold. First of all, the rule numbers do matter here because Rule 35 allows for a completely different type of challenge to a judgment. Where Rule 36 under Tennessee law and its corollary and federal law as well do not allow for reexamination of a judgment. They only allow for... How about inspection? Your Honor, it's not inspection either. There's no way that a criminal defendant in Tennessee can have a substantive change to their judgment through a motion to correct a clerical error under Rule 36. Well, that's one word I don't see at all. And I might be missing it, honestly. But I don't see that word substantively, that it must be substantive review. I see inspection with the aim of improving the judgment. And the court there said, oh, well, it has to be a question of law. It can't be something subject to discretion. And the Supreme Court said collateral review has nothing to do with whether it's review for lawfulness. They rejected this sort of, I don't know, a limitation that's kind of similar to the one you're advocating. They just said it's inspection, looking for a mistake or whatever, trying to improve it. Your Honor, Tennessee Rule of Criminal Procedure 36 does not allow for any sort of amendment or improvement of the judgment. And that's because in Tennessee, it is the transcript that controls, not merely the judgment document. So the transcript, the oral ruling at the guilty plea hearing in this case, is the actual law enforceable judgment. Here, Rule 36 only allows a trial court to look at the judgment document, which is the uniform judgment document in Tennessee, and compare that to the... So what happened here when the court amended the judgment? Your Honor, the trial court took the uniform judgment document and compared it to the controlling transcript. And in doing so, Rule 36 allowed them to make those two things match up. However, this is not some sort of substantive improvement or amendment of the judgment, because the judgment document itself is not the binding, controlling judgment in the case. Rather, it is the transcript from the hearing. So Rule 36 does not allow, like Rule 35, which was considered in Wall v. Coley, some sort of movement toward improvement or amendment of the judgment. Rather, all it allows is for the trial court to make sure that the judgment document, which is a memorialization document, a memorialization of the transcript, accurately reflects that transcript. And that's the layout of that. It sounds like the metaphysics of what a judgment is, but I understand the distinction you're making. And you've answered my question. I don't want to be responsible for going over time. So my question is, if we were to say, well, let's say that this really is a collateral attack. Not just, as you've indicated, not just an attempt to correct a clerical mistake, which would not qualify here. But let's say this is a collateral attack. Why is that timely under Tennessee law? Your Honor, at no point has the timeliness of this been challenged by the State of Tennessee at any point in this representation, whether it be at the trial court or at the appellate level of the Rule 36. Under Rule 36, it would be our position that it was a timely motion under Rule 36. So the question is whether it was a collateral attack at this stage in the litigation. And it was not a collateral attack. That is the type of attack that can toll the statute of limitations. And in the second circuit, prior to Wall v. Coley, the second circuit analyzed Colorado's Rule 36, which is in text very similar to Tennessee's Rule 36. And there they held that it was not a collateral attack, a proceeding under Rule 36 was not a collateral attack that tolls the statute of limitations. And while that was prior to Wall v. Coley, there is nothing in Wall v. Coley that specifically overrules or speaks to prior rulings under Rule 36 and whether they are collateral attacks. And for a moment, I'd like to address whether Petitioner's contention about this being something beyond Rule 36 is correct in this case. Because Petitioner filed a motion entitled, A Motion to Correct Clerical Mistakes and or Errors Under Rule of Criminal Procedure 36. And he only requested two forms of relief, that a handwritten inscription be struck from his waiver rights form, and that the judgment be corrected to accurately reflect his pretrial jail credits. This was filed under Rule 36. The only authority cited by Petitioner was Rule 36. The trial court only adjudicated this issue under Rule 36. The appellate court only adjudicated this rule under 36. While there is some dicta from the appellate court about an issue that was addressed in a different case prior by them in his prior 36.1 appeal, that is not controlling and that was not the adjudication of the issues in this motion. This is purely a Rule 36 motion for correction of a clerical error. And it is not the type of motion that tolls the statute of limitations. And because Petitioner's two motions filed in state court, his improperly filed pro se motion that he made while represented by counsel, and his motion under Rule 36, which is not a collateral attack, because they do not toll the statute of limitations, the district court's decision should be affirmed. Thank you. Yes, thank you. Briefly, Your Honor. Working chronologically backward. December 2017 filing. Again, the Tennessee case law is clear that the title does not control. And that case law is on page 13 of our opening brief, the Barrett and Toliver case. What was the substance of the motion? Anything other than an attempt to correct clerical error? Because the substance of the argument is that his guilty plea was unknowingly and involuntarily entered. He got a sentence he didn't expect because there was a change to the judgment order to which he did not agree and was not a part of his plea agreement that allowed a sentence beyond what he was told he was going to get. And that's a due process argument. That's a constitutional argument. That's not a clerical error. And as for the statement... No, on that point, Mr. Brandt, I will say that Wahl does kind of notably analyze the issue in terms of the court rule, rather than the relief requested in the particular motion. And on that point, Judge Kethledge, I would point the court to the record at page ID 1558. This is in one of the documents in our supplemental appendix. The judge, when granting relief, says the defendant is entitled to the entry of a corrected judgment in count one to accurately reflect the correct amount of pretrial jail credit. And this was a substantive ruling on how much jail time he was due. Not a statement that we originally got it right, but we recorded it wrong. Or I had calculated it correctly, but I stated it incorrectly in the transcript, which counts as the record. This is an admission of a substantive error that gets corrected right there on that page of that order, granting in part and denying in part relief. Thank you, Judge. And going back very briefly to the March 2014 filing, my colleague for the state's statement that this is clearly anything. I challenge whether there's anything clear about what happened, but I will agree with my colleague that this might be a notice, not a motion. But I think if it's a notice, not a motion, that helps us. The notice is that I'm adopting that. That is now my argument. And I don't think that the court ever did rule on that, right? Well, if it's a notice, there is no ruling needed. That sounds like a smart way to stop. But what do you seek here? We seek an order finding that the district court erred in dismissing it for want of jurisdiction on the findings that Mr. Hardin did not have filings that were properly filed collateral attacks to toll the statute of limitations. Amend its calculation of what the statute of limitations would be to allow him to make a finding that he timely filed and then get to the merits of his claim. So let me just, back to your argument that it's a substantive decision, not the correction of a clerical error. What does this language in the court's order mean? After a careful reading of the appellate decision, I'm looking at page ID 1556. After a careful reading of the appellate decision on post-conviction and a close review of the record in this case, it is clear that the range two at 100 percent language in the rights waiver form was not an error in the record. It accurately set forth the agreement reached between the defendant and the state as he affirmed under oath on multiple occasions during the plea colloquy. At the Rule 36 hearing, the defendant conceded that he assented to the effective 15-year sentence at 100 percent, but stated in essence that he hoped the conflict in the record would later be resolved in his favor. What is that? That is a ruling denying his first argument. Only? Only. Okay. The argument that I'm talking about is two pages later. You were quoting from 1556 to 57. I also would argue that there's some hints there that the court was addressing a substantive argument. Why else would you say, look what he said at the plea hearing? Why would you say that if you were not addressing his substantive argument that he had involuntarily and unknowingly entered a plea agreement? Thank you, Your Honors. Stay dry.